# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FELIX ROBERT SUAREZ, | § § § | |
| *Plaintiff*, | § § | |
| v. | § | Civil Action No. 5:19-CV-01339-XR |
| U.S. BANK, N.A., AS TRUSTEE | § § § | |
| *Defendant*. | § § | |

## ORDER ON MOTION FOR SANCTIONS

On this date, the Court considered Defendant's motion for sanctions (docket no. 4), Plaintiff's response (docket no. 14, as amended no. 17), and Defendant's reply (docket no. 16). After careful consideration, Defendant's motion is GRANTED IN PART and DENIED PART.

## BACKGROUND

On November 4, 2019, Plaintiff Felix Robert Suarez ("Plaintiff") filed suit against Defendant U.S. Bank ("Defendant") in the 407th Judicial District Court of Bexar County, Texas to prevent the foreclosure sale of real property located at 1246 Clower, San Antonio, Texas 78201. Docket no. 1-3 at 11. Plaintiff asserted claims for negligence, violation of the Texas Property Code § 51.002, and breach of contract arising out of Defendant's "fail[ure] to use reasonable care in communicating to Plaintiff the options of loss mitigation," failure to provide Plaintiff notice of default allowing him "at least twenty (20) days to cure and/or protest," failure to provide him "at least twenty-one (21) days' notice of the [foreclosure] sale," and failure to "comply with HUD regulation outline procedures [for] accelerating and foreclosing a loan subject to the FHA." *Id*.

On November 14, 2019, Defendant timely removed the suit to this Court (docket no. 1), and on December 2, 2020 filed a motion to dismiss and motion for sanctions. Docket no. 4. The motion

for sanctions alleges that the instant suit, along with Plaintiff's two prior suits on the same matter, are groundless and filed for purposes of harassment and delay. *Id.* at 17. Defendant requests that the Court order sanctions in the form of $2,500 in attorney's fees and a pre-filing injunction pursuant to Texas Rule of Civil Procedure 13, Chapter 10 of the Texas Practice and Remedies Code, 28 U.S.C. § 1927, and/or the Court's inherent authority to manage the Court's affairs so as to achieve the orderly and expeditious disposition of cases. *Id.*

Defendant filed its motion to dismiss and motion for sanctions on December 2, 2019. Docket no. 4. This Court set a hearing on both motions for February 4, 2020, but the day before the hearing, Plaintiff voluntarily dismissed his claims under Federal Rule of Civil Procedure. 41(a)(1)(A)(i). Docket no. 12. In response to that notice of dismissal, the Court retained jurisdiction to hear the motion for sanctions and ordered Plaintiff to respond to Defendant's motion for sanctions. Docket no. 13. The sole remaining dispute, then, is whether the Court may impose sanctions on Plaintiff and/or Plaintiff's counsel. [1]

In support of its motion, Defendant points out that this is not the first time Plaintiff has brought suit alleging the same—or nearly the same—set of allegations related to preventing the foreclosure of the property.[2] Plaintiff first sued on January 4, 2016 in the 37th Judicial District of Bexar County, Texas, naming Ocwen Loan Servicing, LLC ("Ocwen"), Defendant U.S. Bank's mortgage servicer, as the defendant. Docket no. 4-1 at 2.[3] That lawsuit alleged that Ocwen failed to comply with the

---

[1] A district court may retain jurisdiction to hear a motion for sanctions even after a case has been dismissed. *See Ratliff v. Stewart*, 508 F.3d 225, 236 (5th Cir. 2007) (affirming sanctions imposed more than a year after dismissal).

[2] Defendant's motion to dismiss is almost entirely on *res judicata* grounds, and although Plaintiff has withdrawn his claims—obviating the need for the Court to consider the merits of Defendant's motion to dismiss—an overview of the case history is relevant in determining whether sanctions are appropriate.

[3] The Court notes that Plaintiff's wife, Joyce Suarez, previously filed an identical lawsuit to prevent the foreclosure of the same property. Judge David Ezra dismissed that lawsuit on November 12, 2015. *See Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-cv-664-DAE, 2015 L 7076674 (W.D. Tex. Nov. 12, 2015). Plaintiff

Texas Property Code by not sending the required notice of default and proper notice of the foreclosure sale. *Id.* at 20.[4] Ocwen removed that case, and on March 11, 2016, U.S. District Judge David Ezra granted Ocwen's motion to dismiss on the grounds that a valid foreclosure sale must occur to state a claim for violation of the Texas Property Code § 51.002, and it was indisputable that the Property had not undergone such a sale. Docket no. 4-2 at 6. Judge Ezra further dismissed what he construed as a promissory estoppel claim because Plaintiff pled the existence of an agreement between Ocwen and Plaintiff that fell under the statute of frauds, but for which Plaintiff alleged nothing more than an oral agreement. *Id.* at 7. Judge Ezra dismissed that case without prejudice. *Id.* at 8.

Plaintiff brought his second suit against Ocwen on December 30, 2016 in the 73rd Judicial District of Bexar County, Texas. Docket no. 4-4 at 15. As with the first, this lawsuit sought to prevent the foreclosure of the same property. *Id.* at 16. The lawsuit again alleged violations of the Texas Property Code § 51.002 for failure to provide notice of default and notice of foreclosure sale. *Id.* at 17. It also alleged breach of contract. *Id.* After Defendant removed the case, U.S. District Judge Fred Biery granted Ocwen's motion for summary judgment. Docket no. 4-5. Judge Biery reasoned that— just as before—Plaintiff had no Texas Property Code violation because there had been no foreclosure sale and that Plaintiff had no breach of contract claim because there was no valid and enforceable loan modification agreement between the parties. *Id.* at 4. Judge Biery dismissed the case with prejudice. *Id.* at 5.

---

and his wife have also filed successive lawsuits to prevent the foreclosure of another property located at 1252 Clower Street. The first lawsuit was dismissed pursuant to Rule 12(b)(6). *See Suarez v. U.S. Bank*, 5:18-cv-849-OLG (W.D. Tex. Apr. 12, 2019). The second was disposed of at the summary judgment stage. *See Suarez v. U.S. Bank*, 5:19-CV-704-FB (W.D. Tex. Nov. 25, 2019). The third was dismissed under Rule 12(b)(6). *Suarez v. Mackie Wolf*, No. 5:20-cv-78-DAE (W.D. Tex. Mar. 4, 2020).

[4] In that suit, as well as the second, Plaintiff alleges that Defendant U.S. Bank was the mortgagee for whom Ocwen acted as a mortgage servicer. Docket no. 4-1 at 19; no. 49-4 at 15.

Though this third lawsuit also sought to prevent the foreclosure of the same property, there are two distinctions: first, this time Plaintiff named U.S. Bank as the defendant, rather than the loan servicer, Ocwen.[5] Second, Plaintiff alleged that Housing and Urban Development ("HUD") regulations and the Real Estate Settlement Procedures Act ("RESPA") were incorporated into the contract such that by breaching those regulations, Defendant breached its contract.

## DISCUSSION

### I. Standard of Review

Federal courts have the inherent power to sanction bad-faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). This inherent power includes the power to assess attorney's fees and litigation costs when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Indus. Lumber*, 417 U.S. 116, 129 (1974); *Batson v. Neal Spelce Assocs., Inc.*, 805 F.2d 536, 551 (5th Cir. 1986); *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017) ("[O]ne permissible sanction is an assessment of attorney's fees—an order, like the one [requested] here, instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side."). Such power, however, "must be exercised with restraint and discretion." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). Accordingly, "a federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct." *In re Yorkshire LLC*, 540 F.3d 328, 332 (5th Cir. 2008).

In addition to monetary sanctions, district courts also possess the power to issue a pre-filing injunction to deter vexatious filings with the court. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181,

---

[5] Though the named defendants are different, Plaintiff's original two suits remarked that U.S. Bank was the mortgagee for whom Ocwen acted as mortgage servicer. And "servicing agents of a loan are in privity with an original mortgage company." *See Ernst v. CitiMortgage, Inc.*, No. SA:13-CV-802-DAE, 2014 WL 294544, at *4 (W.D. Tex. Jan. 22, 2014).

186 (5th Cir. 2008) (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986)). Such a pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360. When determining whether the imposition of a pre-filing injunction would be appropriate, the court must weigh all relevant circumstances, including four main factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extend of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Baum*, 513 F.3d at 189.

The court must also consider the scope of the pre-filing injunction. The Fifth Circuit cautioned that extending a pre-filing injunction to state court (or to district courts in other circuits) may be an abuse of discretion, as state courts and agencies "are capable of taking appropriate action on their own" and because "abuse of state judicial process is not per se a threat to the jurisdiction of Article III courts and does not per se implicate other federal interests." *Baum*, 513 F.3d at 191–92 (citing *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984); *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340 (10th Cir. 2006)). The *Baum* court approvingly cited to a Tenth Circuit case which held that "(1) a district court's pre-filing injunction may extend to filings in lower federal courts within the circuit that the issuing court is located, (2) a district court's pre-filing injunction may not extend to filings in any federal appellate court, and (3) a district court's pre-filing injunction may not extend to any filings in state court." *Id.* (citing *Sieverding*, 469 F.3d at 1344). In *Baum*, the Fifth Circuit limited the pre-filing injunction to federal district courts, federal bankruptcy courts, and federal agencies in Texas, but not beyond. *Id.*

5

**II.     Analysis**

Here, under its inherent power to impose sanctions, the Court finds it appropriate to award Defendant attorney's fees and to impose a pre-filing injunction against Plaintiff.[6] First, the Court finds that an award of attorney's fees is appropriate where Plaintiff has filed the same, or substantially the same, lawsuit despite the prior two suits making clear to Plaintiff that his claims were meritless.[7] Here, Plaintiff yet again brings a claim for violation of the Texas Property Code § 51.002, despite the prior dismissal—twice—of that claim on the grounds that to state a claim under that section, a foreclosure sale must have occurred. *See* docket no. 4-2 at 6 ("It is apparent to the Court that no foreclosure sale of the Property has occurred. Under Texas law, a valid foreclosure sale must occur to state a claim for a violation of Section 51.002's notice requirement. Accordingly, Plaintiff cannot state a claim pursuant to Section 51.002."); *see also* docket no. 4-5 at 4 (finding that loan service was entitled to summary judgment on Texas Property Code claim because "no foreclosure sale occurred"). Nothing has changed since Plaintiff's first two suits: a foreclosure sale has yet to occur, and the Court thus finds any such claim to be groundless and filed for purposes of either harassment or delay.[8]

---

[6] Though the Court uses its inherent power to issue sanctions, the Court also finds Texas Rule of Civil Procedure 13 to be an appropriate vehicle for the imposition of such sanctions. That rule, which governs even cases removed to federal court, *see Wesolek v. Layton*, No. H-12-3210, 2014 WL 1030176, at *12 (S.D. Tex. Mar. 14, 2014), requires a court to find that the state court pleading was groundless and brought either in bad faith or for purposes of harassment. TEX. R. CIV. P. 13. "Groundless" means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. *Harrison v. Harrison*, 363 S.W.3d 859, 863 (Tex.App.—Houston [14th Dist.] 2012, no pet.). Plaintiff makes no argument—and indeed cannot make any such argument— that his claims are now viable despite having been dismissed, repeatedly, by prior court orders, and when neither the facts nor the law have changed.

[7] Plaintiff's response to Defendant's motion for sanctions does not respond to the claim for attorney's fees. Rather, Plaintiff's response is limited to the scope of any pre-filing injunction the Court may impose. *See* docket no. 17.

[8] In an identical suit brought by Plaintiff's wife, Joyce Suarez, Judge Ezra dismissed the lawsuit, finding, in part, that because no foreclosure sale occurred, Mrs. Suarez failed to allege a violation of § 51.002. *Suarez*, 2015 WL 7076674, at *3 ("Plaintiff has not made a claim that a subsequent foreclosure sale has occurred. Accordingly, Plaintiff has not made a claim pursuant to Texas Property Code § 51.002 upon which relief can be granted.").

Plaintiff's breach of contract claim is also groundless; in Plaintiff's second suit, Judge Biery granted summary judgment on that claim "because there was no valid and enforceable loan modification agreement between the parties." Docket no. 4-5 at 4. It is clear that Plaintiff's purpose in filing these successive suits is to prevent the foreclosure of the property, but the Fifth Circuit has warned against "gaming the system" to prolong possession of property in the face of foreclosure through the filing of meritless lawsuits, warning that such "machinations to…delay foreclosure proceedings" merit sanctions. *See Germain v. US Bank, N.A.*, 920 F.3d 269, 277–78 (5th Cir. 2019).[9]

Second, the Court finds that a pre-filing injunction is appropriate, though such an injunction shall be limited to Plaintiff's re-filing in the Western District of Texas and not, as Defendant seeks, an injunction extending to state court. Through litigation related to this property as well as other properties, Plaintiff has a clear history of filing harassing and duplicative lawsuits without a good faith basis, and those filings have imposed significant burdens on this Court and others; lesser sanctions would not adequately deter his conduct. *Baum*, 513 F.3d at 189. Accordingly, the Court finds a pre-filing injunction to be appropriate. Though the Court limits the pre-filing injunction to the Western District of Texas, the Court reminds Plaintiff that "an injunction may be modified to impose more stringent requirements on a [party] when the original purposes of the injunction are not being fulfilled in any material respect." *Exxon Corp. v. Texas Motor Exchange of Houston, Inc.*, 628 F.2d 500, 503 (5th Cir. 1980).

## CONCLUSION

Defendant's Motion for Sanctions (docket no. 4) is GRANTED IN PART and DENIED IN PART. Plaintiff Felix Suarez is ENJOINED from filing any civil lawsuit in the San Antonio Division of the United States District Court for the Western District of Texas unless he first seeks leave and

---

[9] Plaintiff's other lawsuits related to a different property are further indicative of Plaintiff's use of judicial proceedings to "game the system" to prevent the foreclosure of his and his wife's properties.

obtains permission from a district judge in this district. Before filing any new lawsuit in this division, Plaintiff must file a motion for leave to file the action, along with a proposed complaint, which motion shall be randomly assigned to a Judge in the division for disposition. The Clerk is instructed to not accept any new lawsuit filed by Felix Suarez in this district unless and until such motion is filed and granted. Aware of Plaintiff's pattern of filing in state court only to have Defendant remove to this Court, the Court WARNS Plaintiff—and Plaintiff's counsel— that further frivolous filings in any future filed or removed case may also result in the imposition of further monetary and non-monetary sanctions.

Finally, Plaintiff's counsel is ORDERED to pay $2,500 in attorney's fees to Defendant.[10]

It is so ORDERED.

SIGNED this 14th day of April, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[10] The Court finds it appropriate to impose the sanctions here on Plaintiff's counsel, who displays a long history of filing foreclosure lawsuits—both in this division, district, and beyond— in which he follows a familiar pattern: bringing the lawsuit in state court, upon which the defendant removes to federal court and files a motion to dismiss. As here, Plaintiff then voluntarily withdraws that lawsuit and re-files in state court, upon which the defendant—again—removes to this court and files a motion to dismiss on *res judicata* grounds, upon which Plaintiff's counsel either again voluntarily withdraws or fails to respond or otherwise prosecute the case. *See, e.g. Martell v. Wells Fargo Bank*, No. 1:18-CV-280-RP (voluntarily dismissed and re-filed in state court; No. 1:18-CV-1020-RP (dismissed for failure to prosecute after defendant files motion to dismiss on *res judicata* grounds). Plaintiff's counsel repeatedly files the same form-pleading to prevent a foreclosure sale, and it is consistently dismissed for the same reason: the failure to state a claim. *See, e.g. Lewis v. U.S. Bank, N.A.*, No. 1:17-CV-1162-RP, 2018 WL 3544797 (W.D. Tex. July 3, 2018).